# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Teresa Ninoska FLORES Selva,<br><br>Defendant. | Case No.: **20CR1677-DMS**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18, United States Code, Section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on March 13, 2024, to determine whether the defendant, Teresa Ninoska FLORES Selva ("FLORES" or Defendant), should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Daniel F. Casillas appeared on behalf of the United States. Court appointed counsel, James Johnson, appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services' report, and the indictment issued against Defendant on June 18, 2020, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of Defendant.

# I
# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

Defendant is charged in Indictment No. 20CR1677-DMS with the importation of 25.40 kilograms of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952 and 960. Therefore, probable cause exists to believe Defendant committed the charged offense.

The charged offense is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. *See*, 18 U.S.C. § 3142(e).

B. <u>Weight of the Evidence against the Defendant (18 U.S.C. § 3142(g) (2))</u>:

On or about March 21, 2020, within the Southern District of California, FLORES knowingly and intentionally imported approximately 25.40 kilograms (55.88 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States.

C. <u>History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3))</u>:
  1. Defendant is a citizen of Nicaragua.
  2. Defendant resides in Tijuana, Baja California, Mexico with her husband and two-year-old son.
  3. Defendant possesses Lawful Permanent Residence in the United States but moved out of the United States in 2020.
  4. Defendant has a criminal history which includes the following convictions:
     a. Grand Theft, Felony
        i. Sentence: 90 days jail, 36 months probation

    ii. Conviction Date: April 24, 2008
  b. Burglary, 2nd Degree, Misdemeanor
    i. Sentence: 6 days jail, 3 years probation
    ii. Conviction Date: April 15, 2008

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

## II

## **REASONS FOR DETENTION**

1. There is probable cause to believe that the Defendant committed the offense charged in Indictment No. 20CR1677-DMS with the importation of 25.40 kilograms of methamphetamine, in violation of Title 21, United States Code, Sections 952 and 960.
2. Defendant possessed a substantial quantity of controlled substances.
3. Defendant previously absconded. An arrest warrant was issued on April 24, 2020.
4. Defendant is a citizen of Nicaragua.
5. Defendant has lived in Mexico since 2020 in violation of Lawful Permanent Resident status.
6. Defendant resides in Tijuana, Baja California, Mexico with her husband and two-year-old son.
7. Defendant has two prior criminal convictions.
8. Defendant faces a substantial period in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.
9. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. *See*, 18 U.S.C. § 3142 (e).

## III

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**
**IT IS SO ORDERED.**
DATED: 3/20/24

HON. LUPE RODRIGUEZ, JR.
U.S. MAGISTRATE JUDGE

Prepared by:

TARA K. MCGRATH
United States Attorney

*Daniel F. Casillas*
DANIEL F. CASILLAS
Assistant U.S. Attorney

cc: James Johnson, Federal Defenders
    Counsel for Defendant

4