1  **DANIEL T. LEE**
   California State Bar No. 343306
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Telephone: (619) 234-8467
4  Facsimile: (619) 687-2666
   Daniel_Lee@fd.org

Attorneys for Ms. Flores Selva

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 20-CR-1677-DMS |
|---|---|
| Plaintiff, | Hon. Dana M. Sabraw<br>Date: April 5, 2024<br>Time: 9:00 a.m. |
| v. | |
| TERESA NINOSKA FLORES SELVA, | **NOTICE OF MOTIONS AND MOTIONS TO:** |
| Defendant. | 1) **COMPEL DISCOVERY**<br>2) **PRESERVE EVIDENCE**<br>3) **LEAVE TO FILE FURTHER MOTIONS** |
| | **WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

TO: TARA K. MCGRATH, ACTING UNITED STATES ATTORNEY, AND JESSICA SCHULBERG, ASSISTANT UNITED STATES ATTORNEY:

Teresa Ninoska Flores Selva through her attorneys, Daniel T. Lee and Federal Defenders of San Diego, Inc., hereby moves this court to Compel Discovery, Preserve Evidence, and Grant Leave to File Further Motions and submits the following Points and Authorities in support of her motions.

/ / /

/ / /

/ / /

/ / /

# POINTS AND AUTHORITIES IN SUPPORT OF
# MS. FLORES SELVA'S MOTIONS.

## I.

## **INTRODUCTION**

To the extent the following statement of facts is based upon materials provided by the government, Ms. Flores Selva reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

## II.

## **STATEMENT OF FACTS**

To the extent the following statement of facts is based upon materials provided by the government, Ms. Flores Selva reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On or about March 21, 2020, Ms. Flores Selva was arrested for a violation of 21 U.S.C. ' 952 & ' 960, Importation of a Controlled Substance. The defense has received **68 pages of discovery,** from the government.

These motions follow.

## III.

## **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Ms. Flores Selva moves for production of all discovery to which she is entitled under the United States Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and other applicable law. This request includes not just information in the Government's possession, but all information that is in the custody, control, care, or knowledge of any closely related investigative [or other] agencies. *United States v. Bryan*, 868 F.2d 1032, 1040 (9th Cir. 1989). Under Rule 16 of the Federal Rules of Criminal Procedure, the

Government must disclose any information that is material to preparing the defense. The Ninth Circuit has recently and repeatedly emphasized that "Rule 16 . . . grants defendants a broad right to discovery." *See United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (same). Information is material if it is relevant to a possible defense, id., and information that is not exculpatory or impeaching may still be relevant to developing a possible defense. *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013). Even information that merely causes a defendant to completely abandon a planned defense and take an entirely different path must be disclosed under Rule 16's broad discovery right. *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal quotation marks omitted). With that in mind, Ms. Flores Selva moves for the production of the following:

(1) <u>Ms. Flores Selva' Statements</u>. The government must disclose to Ms. Flores Selva <u>all</u> copies of any written or recorded statements made by Ms. Flores Selva; the substance of any statements made by Ms. Flores Selva which the government intends to offer in evidence at trial-either in its case-in-chief or in rebuttal; any response by Ms. Flores Selva to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Ms. Flores Selva' oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings which may have been given to Ms. Flores Selva; as well as any other statements by Ms. Flores Selva. Fed. R. Crim. P. 16(a)(1)(A). Of course, any of Ms. Flores Selva' statements that are exculpatory must be produced as well. *See Brady v. Maryland*, 373 U.S. 83 (1963). The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal <u>all</u> of Ms. Flores Selva' statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. Ms. Flores Selva also specifically requests that the government turn over all arrest reports, notes, dispatch tapes, and TECS records not already produced that relate to the circumstances surrounding her arrest or any questioning. This request includes, but is not limited to, any rough notes, must produce arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Ms. Flores Selva. *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); *see also United States v. Anderson*, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming *Harris*' holding).

(3) <u>Border Crossing History of Ms. Flores Selva and the 2000 Honda Acoord.</u> Ms. Flores Selva requests all TECS records of herself, the seized vehicle, a 2000 Honda Accord bearing California license plates and any other occupants of the vehicle from October 21, 2019, through the present. If there are any TECS hits, please provide any and all information of such an alert, including all additional screens that come up when reviewed in the computer system. This information is material because the cars that are used to traffic drugs across the border are often purchased by the DTOs that set up the couriers. Members of the DTOs often drive the car across to "burn plates" on the vehicle before drugs are put into the car. We are investigating all possible theories, including other people who are associated with the car where the drugs were found, people who may have had a key or other access to the vehicle, etc. Other drivers of the vehicle are material to investigating this defense.

(4) <u>Brady Material</u>. Ms. Flores Selva requests all documents, statements, agents' reports, and tangible evidence favorable to Ms. Flores Selva on the issue of guilt and/or which affects the credibility of the government's case. *Kyles v. Whitley*, 514 U.S. 419 (1995). Under *Brady, Kyles* and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the

accused.  *See also United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).  This includes information obtained from other investigations which exculpates Ms. Flores Selva.

   (5)   <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.  The government must produce this information under *Brady*.  This request includes any cooperation or attempted cooperation by Ms. Flores Selva, as well as any information, including that obtained from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Ms. Flores Selva also requests any information relevant to a Chapter Three adjustment, a determination of Ms. Flores Selva' criminal history, and information relevant to any other application of the Guidelines.

   (6)   <u>Ms. Flores Selva' Prior Record</u>.  Ms. Flores Selva requests disclosure of any prior record.  *See* Fed. R. Crim. P. 16(a)(1)(B).

   (7)   <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought.  This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence, which the government may use as rebuttal.  *See United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999).  Ms. Flores Selva is entitled to reasonable notice so as to Areduce surprise, preclude Atrial by ambush and prevent the Apossibility of prejudice.  *Id.; United States v. Flores Selva-Tosta*, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Ms. Flores Selva requests such reasonable notice at least four weeks before trial so as to adequately investigate and prepare for trial.

(8) <u>Evidence Seized</u>. Ms. Flores Selva requests production of evidence seized as a result of any search, with or without a warrant. *See* Fed. R. Crim. P. 16(a)(1)(E). Specifically, the defense requests the opportunity to inspect the seized vehicle, 2000 Honda Accord bearing California license plates, and the seized drugs, the seized cell phone and any personal belongings or items found inside the vehicle seized by the agents.

(9) <u>Henthorn Material</u>. Ms. Flores Selva requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *See Kyles*, 514 U.S. at 419; *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Lacy*, 896 F. Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of her agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10) <u>Tangible Objects</u>. Ms. Flores Selva requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Ms. Flores Selva. *See* Fed. R. Crim. P. 16(a)(1)(E). Specifically, when discovering cell phone data Ms. Flores Selva requests the following: (1) All original Cellebrite extraction folders/files (e.g., logical, advanced logical, file system, physical, full file system, full file System (checkm8) that have been performed on all devices with Cellebrite UFED; to the extent they were not already produced (2) A Cellebrite Reader Report produced from the Cellebrite Extractions (this must also include the Cellebrite Reader .exe program); and (3) If available (e.g., a logical extraction was performed), provide the original extraction report.

Ms. Flores Selva also requests color copies of all photographs in the government's possession, including, but not limited to, Mr. Armenta and any other

photos taken in connection with this case.

Ms. Flores Selva also requests the government disclose or allow Ms. Flores Selva to inspect (1) any and all video and audio from San Ysidro Port of Entry in vehicle lane #7 from the time Ms. Flores Selva enters the line until the time the vehicle has exited the secondary inspection area; (2) any and all video and audio recordings depicting Ms. Flores Selva or pertaining to Ms. Flores Selva' arrest including surveillance video, dispatch tapes, recordings from security offices and detention cells where Ms. Flores Selva was held; and (3) any and all color copies of still photographs, recordings, or any other memorialization of secondary inspection of the vehicle, including images from the Z-portal or other images taken by the CBPOs or any other Custom and Border Protection Agents.

(11) <u>Expert Witnesses</u>. Ms. Flores Selva requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. *See* Fed. R. Crim. P. 16(a)(1)(G). The defense requests that notice of expert testimony be provided at a minimum of four weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (trial judge is Agatekeeper and must determine reliability and relevancy of expert testimony and such determinations may require Aspecial briefing or other proceedings...).

(12) <u>Evidence of Bias or Motive to Lie</u>. Ms. Flores Selva requests any evidence that any prospective government witness is biased or prejudiced against Ms. Flores Selva or has a motive to falsify or distort her testimony.

(13) <u>Impeachment Evidence</u>. Ms. Flores Selva requests any evidence that any prospective government witness has engaged in any criminal act whether or not

resulting in a conviction and whether any witness has made a statement favorable to Ms. Flores Selva. *See* Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*.

(14) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Ms. Flores Selva requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.

(15) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(16) <u>Jencks Act Material</u>. Ms. Flores Selva requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act. *See* 18 U.S.C. ' 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of Ms. Flores Selva to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes are subject to Jencks Act).

(17) *Giglio* <u>Information</u>. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Ms. Flores Selva requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(18) <u>Agreements Between the Government and Witnesses</u>. In this case, Ms. Flores Selva requests identification of any cooperating witnesses who have

committed crimes, but were not charged, so that they may testify for the government in this case. Ms. Flores Selva also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

Pursuant to *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u> statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

(19) <u>Informants and Cooperating Witnesses</u>. To the extent that there was any informant, or any other tip leading to a TECS hit in this case, Ms. Flores Selva requests disclosure of the names and addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Ms. Flores Selva. The government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Ms. Flores Selva.

(20) <u>Bias by Informants or Cooperating Witnesses</u>. Ms. Flores Selva requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio*, 405 U.S. 150. Such information would include

what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(21) <u>Residual Request</u>. Ms. Flores Selva intends, by this discovery motion, to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Ms. Flores Selva requests that the government provide his attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

IV.

### III. MOTION FOR PRESERVATION OF EVIDENCE

Ms. Flores Selva specifically requests the preservation of the following:

**A. Physical Evidence**

Any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, any vehicles and/or container seized, any personal effects of Ms. Flores Selva; all video and audio described in II.10 above, any cell phones seized, the seized drugs, and the agents' notes of any interrogation.

**B. Bulk Drugs**

Ms. Flores Selva respectfully requests the Court order that the alleged "bulk drugs" seized in this case be preserved until further order of this Court. In making this request, the defense does not concede that the "bulk drugs" constitute controlled substances within the meaning of the Controlled Substances Act. Rather, the government has mandated that the defense use that term, or it will knowingly destroy evidence in this pending criminal case. In order to preserve Ms. Flores Selva' Sixth Amendment rights, the defense has no choice, but to use the government's terminology.

V.

## **MOTION FOR LEAVE TO FILE FUTHER MOTIONS**

Ms. Flores Selva and defense counsel have received limited discovery. Consequently, defense counsel needs more discovery, and more time to investigate the case before presenting Ms. Flores Selva's further motions to the Court. As new information surfaces, the defense may find it necessary to file further motions, or to supplement existing motions with additional facts.

## VI.
## **CONCLUSION**

For the reasons stated above, Ms. Flores Selva moves this Court to grant her motions.

Respectfully submitted,

Dated: April 3, 2024

*s/ Daniel T. Lee*
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Flores Selva
Email: daniel_lee@fd.org